REPORT TO THE UNITED STATES SENATE
Congressional reference; tort claim; negligence; third-party liability of the United States; exclusivity of statutory remedies; Defense Base Act; War Hazards Compensation Act—The United States Senate, by S. Res. 522 (94th Cong., 2d Sess.) referred S. 333, a bill for the relief of Viola J. Stewart, Lois Souby, Jane Robertson, and Norma Jean Ridgeway, to the Chief Commissioner of the Court of Claims for proceedings in accordance with 28 U.S.C. §§ 1492 and 2509. Claimants seek compensation arising from the death of their husbands. The deaths occurred when a civilian plane carrying general military cargo pursuant to a United States Military Airlift Command contract was struck in flight on June 22, 1967, by a United States Air Force military aircraft over or near Tan Son Nhut airbase in South Vietnam. Claimants’ decedents comprised the flight crew aboard the civilian aircraft, all of whom were killed in the resulting crash. The occupants of the military jet parachuted to safety. Claimants were initially compensated by the decedents’ employer’s insurance carrier under the terms of the Defense Base Act, 42 U.S.C. §§ 1651-1654 (1976). The Defense Base Act does not place limits on the liability of the United States. Thereafter, the United States reimbursed the carrier for payments made under the Defense Base Act and instituted direct payments to the claimants pursuant to the provisions of the War Hazards Compensation Act, 42 U.S.C. §§ 1701-1717 (1976) (WHCA). The WHCA provides that specified employees of Government contractors who suffer injury or death proximately *512 resulting from a war risk hazard are to be compensated pursuant to the terms of subchapter 1 of the Federal Employees’ Compensation Act, 5 U.S.C. § 8101 et seq. (1976) (FECA), in the same manner and to the same extent as if the employee were a civilian employee of the United States Government. As a result, persons covered under the WHCA are subject to the limitation of liability of the United States as set forth in the FECA, i.e., that the liability of the United States or an instrumentality thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States. On February 20, 1981 the Review Panel made its report to the United States Senate, the majority adopting Trial Commissioner Lloyd Fletcher’s findings of fact and concurring in his opinion and conclusions, as modified, that claimants have no legal or equitable claims against the United States, that their rights and benefits under the Defense Base Act, the War Hazards Compensation Act, and related statutes constitute their exclusive remedy for the injuries suffered by them and that any further payments to them would be a gratuity. The trial commissioner found that although the accident was directly attributable to the negligence of defendant’s employee, the pilot of the military aircraft, the statutory scheme of compensation available to claimants constitutes their exclusive remedy so as to preclude further recovery from the Government. The trial commissioner noted that where the Government has established a comprehensive scheme of statutory remedies, the statutory compensation scheme is presumed to be exclusive. Once the employer or insurance carrier is relieved by the Government of the Defense Base Act liability, compensation is no longer payable under the Defense Base Act. Instead, it must be paid by the United States from FECA funds pursuant to the WHCA. This remedy is, by the terms of the FECA (and unlike the terms of the Defense Base Act), exclusive. This statutory remedy therefore precludes judicial action by the claimants against the United States. This conclusion is not altered by the fact that claimants’ decedents were not employees of the United States.